IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELLA MAE ELSE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2687-L** |
| | § | |
| **FORD MOTOR COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion in Opposition to Removal, which the court treats and renames as "Plaintiff's Motion to Remand," filed August 1, 2014.  After careful consideration of the motion, response,* record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

## I.      Background

Ella Mae Else ("Plaintiff" or "Else") originally filed this action against Ford Motor Company ("Defendant" or "Ford") in the 44th Judicial District Court of Dallas County, Texas, on April 24, 2014.  According to Plaintiff's Original Petition (the "Petition"), on March 10, 2013, Else was attempting to park her vehicle, a 2008 Ford Escape, when the throttle stuck or failed to return to the idle position, which caused the Ford Escape to accelerate out of control, roll down a hill into a wooded area, and crash and injure Plaintiff.  Pl.'s Orig. Pet. ¶¶ 8-9.  Else brought claims for strict liability for design, manufacture, and marketing of a defective product; strict liability for

---

* Plaintiff Ella Mae Else did not file a reply to Ford Motor Company's Response to Plaintiff's Motion in Opposition to Removal.  The court **directs** the clerk of court to rename the motion as "**Plaintiff's Motion to Remand**."

misrepresentation of product characteristics; negligence; breach of express and implied warranties; and deceptive trade practices.  Pl.'s Orig. Pet. ¶¶ 10-22.

Plaintiff contends that, as a proximate result of Ford's wrongful conduct, she suffered a ruptured disk in her back, injury to the subcutaneous veins in her legs, and other injuries that cause her to endure anxiety and pain.  She seeks compensatory damages for her injuries.  *Id.* ¶ 23. Specifically, Else contends that she has suffered or will suffer the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff[] Ella Mae Else for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Mental anguish in the past;

E.     Physical pain and suffering in the future;

F.     Mental anguish in the future;

G.     Physical impairment in the past;

H.     Physical impairment [that], in all reasonable probability, will be suffered in the future;

I.     Loss of earnings in the past;

J.     Loss of earning capacity [that] will, in all probability, be incurred in the future;

K.     Loss of [c]onsortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

**Memorandum Opinion and Order – Page 2**

L.  Loss of [c]onsortium in the future[,] including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

M.  Disfigurement in the past;

N.  Disfigurement in the future; and

O.  Cost of medical monitoring and prevention in the future.

*Id.* ¶ 24.

Finally, Plaintiff seeks exemplary damages, as she contends that Ford's conduct and alleged misrepresentations were intentional, malicious, fraudulent, and consciously indifferent to the rights of others.  Else seeks exemplary damages to punish Ford from engaging in the alleged misconduct and misrepresentations, and to deter others who are similarly situated from engaging in such alleged misconduct and misrepresentations.  *Id.* ¶¶ 26-29.

Ford removed this action to federal court on July 25, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Else counters that Ford has not met its burden and established that the amount in controversy exceeds $75,000.  Ford disagrees and contends that a pre-suit demand of $355,000, the injuries Plaintiff allegedly suffered, and the category of damages she seeks establish that the amount in controversy is well in excess of $75,000.

## II.   Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332(a).  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.");  *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*,

**Memorandum Opinion and Order – Page 4**

798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff

can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

Else does not dispute that there is complete diversity between the parties. Moreover, the court determines that complete diversity of citizenship exists between Ford and Else, as Else is a citizen of Texas, and Ford is a citizen of Michigan, its principal place of business, and a citizen of Delaware, its state of incorporation. The court now discusses whether the amount in controversy requirement has been met.

## III.    Discussion

As previously set forth, Else asserts five separate claims against Ford. She also seeks compensatory damages, past and future, for reasonable medical expenses; physical pain and suffering; mental anguish; physical impairment; loss of earnings and loss of earning capacity; loss of consortium; and disfigurement. She also seeks exemplary damages from Ford. Further, Plaintiff sought $355,000, which is almost five times the jurisdictional threshold, in a pre-suit demand letter.

**Memorandum Opinion and Order – Page 6**

The Fifth Circuit uses a common-sense approach when determining whether the jurisdictional threshold has been satisfied. *Allen*, 63 F.3d at 1336. In looking at the face of the complaint in *Allen*, the court took note of the large number of plaintiffs, the three corporate defendants, and the "wide variety of harm allegedly caused by wanton and reckless conduct." *Id*. In holding that the face of the complaint supported federal jurisdiction, the Fifth Circuit stated, "A court, in applying *only* common sense, would find that if the plaintiffs were successful in their punitive damages claims, they would collect more than [the jurisdictional minimum]." *Id*. (emphasis added). In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude, because of the number of claims and the damages sought, that it was "facially apparent" from the complaint that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); and *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

In today's world, it does not take much to exceed $75,000. Medical costs and expenses add up rapidly, particularly hospital costs. The record establishes that, as of August 27, 2013, Else had visited the hospital on four different occasions—the initial visit and treatment, and three hospital visits after the initial visit. The fourth hospital visit lasted five days. Hospital visits are quite expensive, and the court takes judicial notice, pursuant to Federal Rule of Evidence 201, that a one-day hospital stay can range from $2,500 to more than $5,000. If one is unaware of the costs for care and treatment at a hospital, such person has been fortunate not to need medical care at a hospital or similar facility, is naïve, or is an incurable optimist. Based on the record, as of August 27, 2013, Plaintiff had spent eight days at a hospital, which would conservatively establish at least $20,000 in medical expenses and costs. This, of course, does not include the physical therapy treatments (three times a week) Plaintiff has undergone since August 2013, the cost of medication

Plaintiff must take as a result of the incident, loss of earning from being unable to perform at work, the other compensatory damages Plaintiff seeks, and the exemplary damages Plaintiff seeks.

Given the nature of Plaintiff's alleged injuries, the number of claims she has made, the categories of compensatory damages for which she seeks recovery, and the exemplary damages she seeks, the court has no pause in using a common-sense approach and concluding that it is facially apparent from the Petition that Plaintiff seeks damages well in excess of $75,000.  In light of the allegations in the Petition and the facts set forth in the record, it would be fatuous for the court to conclude otherwise.

Further, if there is any doubt as to whether Ford has met its burden, the pre-suit demand letter removes whatever doubt remains.  As previously noted, Plaintiff sought $355,000 in a demand letter before the action was initially filed in state court.

The court found no cases wherein the Fifth Circuit has expressly held that a pre-suit demand letter could be used as evidence to determine whether the amount-in-controversy requirement has been met; however, at least three cases from this circuit have, in practice, considered or commented on statements made in demand letters filed prior to removal as evidence of the amount in controversy: *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910-11 (5th Cir. 2002); *St. Paul Reinsurance Co.*, 134 F.3d at 1254-55; and *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994). The court finds these cases illustrative. Moreover, one district court in a published opinion expressly held that a pre-suit demand letter may be relied on to determine whether a defendant has met its burden in establishing that the amount in controversy satisfied the jurisdictional threshold. *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).  Further, this court expressly held that a pre-suit demand letter could be relied

on to determine the amount in controversy. *Susanne Vess-Lowe v. Dollar Gen. Corp.*, Civil Action No. 3:10-CV-33-L, 2011 WL 1875605, at *2 (N.D. Tex. May 10, 2010).

In light of this authority, the court determines that the pre-suit demand or settlement offer is relevant and significant to the amount in controversy in this case because it is compelling evidence of Plaintiff's assessment of the value of her case. The court realizes that there is a certain degree of subjectivity in the assessment of the value of a case for settlement purposes; however, the court determines that, for the reasons herein stated, the demand letter constitutes Plaintiff's reasonable belief of the settlement value of her case at the time demand was made in August 2013 and should be relied on by the court.

First, the demand letter seeks almost five times the jurisdictional threshold. Second, the demand letter makes clear that Plaintiff will incur additional costs and medical treatment after August 27, 2013.  Given the clear statements in the letter that Plaintiff would incur additional costs and medical treatment, the value of Plaintiff's claim will increase above the amount in the demand letter.  Third, as noted, Plaintiff did not file a reply to Defendant's response to the remand motion. Fourth, she did not disavow or withdraw the demand letter, or otherwise state that the $355,000 demand was not a reasonable evaluation of the value of her case. Other than the conclusory remarks made by Plaintiff in her motion to remand, she offers nothing of substance to dispute the amount demanded in her letter, and, by failing to address the letter, she in effect acknowledges that Defendant has met the amount-in-controversy requirement.  The court therefore concludes that the demand letter provides more than sufficient evidence of the amount in controversy in this action and that Defendant has met its burden in establishing that the minimum jurisdictional amount has been met.

IV.     **Conclusion**

For the reasons herein stated, the court **concludes** that Ford has carried its burden and established that the amount in controversy exceeds $75,000.   Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 31st day of December, 2014.

Sam A. Lindsay
United States District Judge